MELINDA P. SCHMIDT, as Executrix of BACHE M. SCHMIDT, Deceased, Respondent, *v.* ELISE M. JEWETT et al., Respondents, and FRITZ L. SCHMIDT, JR., Appellant.

**Will — meaning and application of term "legal issue."**

The words "legal issue," when used to designate legatees in a will, and not otherwise defined or limited by the context, have the meaning of descendants, who take *per capita* and not *per stirpes.*

Testator bequeathed the income of a certain sum to his daughter during her life and directed that, at her death, the principal sum should "go to her legal issue in equal portions after they severally reach the full age of twenty-one years." In an action for the construction of the will, brought a few years after his death, it was adjudged that the testator intended that the said legacy should become vested in the legal issue of such daughter who should be living at the death of her mother, to be paid when they should severally reach the age of twenty-one years. *Held,* that such judgment is not conclusive upon after-born grandchildren of testator's daughter; that the words "legal issue," as used by testator in said will, mean descendants; and that upon the death of testator's daughter the trust fund now held for her life will vest absolutely in interest in all her descendants then living in equal portions *per capita. Schmidt* v. *Jewett,* 127 App. Div. 376, affirmed.

(Argued June 3, 1909; decided June 18, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 5, 1908, which affirmed an interlocutory judgment of Special Term in an action for the construction of the will of George P. Pollen, deceased; also motions to dismiss the appeal herein.

The facts, so far as material, are stated in the opinion.

*Howard Thayer Kingsbury* and *Frederic R. Coudert* for appellant. The judgment in *Colgate* v. *Smith* is *res adjudicata* in the case at bar. (*Miller* v. *Tex. & Pac. Ry. Co.,* 132 U. S. 662; *Lloyd* v. *Johnes,* 9 Ves. Jr. 37; *Hopkins* v. *Hopkins,* 1 West, 605; *Giffard* v. *Hort,* 1 Sch. & Lef. 386; *Reynoldson* v. *Perkins,* Amb. 564; *Fletcher* v. *Tollet,* 5 Ves. Jr. 3; *Cockburn* v. *Thompson,* 16 Ves. Jr. 321; *Wingfield* v. *Whaley,* 1 Bro. P. 200; *Osborne* v. *Usher,* 6 Bro. P. 20;

*Moore* v. *Littel,* 41 N. Y. 66.) The construction placed upon the will in question by the courts below is not correct. (*Palmer* v. *Horn,* 84 N. Y. 516; *Palmer* v. *Dunham,* 125 N. Y. 68; *Cochrane* v. *Schell,* 140 N. Y. 516, 539; *Chwatal* v. *Schreiner,* 148 N. Y. 683, 687; *Sibley* v. *Perry,* 7 Ves. Jr. 522; *Pruen* v. *Osborne,* 11 Sim. 132; *Martin* v. *Holgate,* L. R. [1 H. L.] 175; *Matter of Cornell,* 5 Dem. 88; *Kernochan* v. *Whitney,* 125 App. Div. 371; *Dexter* v. *Inches,* 147 Mass. 324.)

*Barclay E. V. McCarty,* for plaintiff, respondent.

*Charles J. McDermott* and *William Alex. Campbell* for Elizabeth M. Jewett et al., infants, defendants, respondents. The answer of this court to the first question certified should be that the judgment of June 1, 1880, in the suit of *Colgate* v. *Schmidt,* referred to in the decision herein, is not conclusive upon the infant respondents in this action in regard to the construction of the will of George P. Pollen, deceased. (*Griffin* v. *Keese,* 187 N. Y. 454; *Schlereth* v. *Schlereth,* 173 N. Y. 452; *Stokes* v. *Foote,* 172 N. Y. 327; *Rudd* v. *Cornell,* 171 N. Y. 114; *Genet* v. *D. & H. C. Co.,* 170 N. Y. 278; 163 N. Y. 173; *Smith* v. *Secor,* 157 N. Y. 402; *Springer* v. *Bien,* 128 N. Y. 99; *Kilpatrick* v. *Barron,* 125 N. Y. 151; *Beveridge* v. *N. Y. R. Co.,* 112 N. Y. 1; *Monarque* v. *Monarque,* 80 N. Y. 320; *Teed* v. *Morton,* 60 N. Y. 502.) The word "issue" in a will, when used as a word of purchase and where its meaning is not otherwise defined by the context and there are no indications that it was used in any other than its legal sense, comprehends all persons in the line of descent from the ancestor and has the same meaning as "descendants." (*Drake* v. *Drake,* 134 N. Y. 220; *Soper* v. *Brown,* 136 N. Y. 244; *N. Y. L. Ins. & T. Co.* v. *Viele,* 161 N. Y. 11; *Palmer* v. *Horn,* 84 N. Y. 516; *Palmer* v. *Dunham,* 125 N. Y. 68; *Cochrane* v. *Schell,* 140 N. Y. 516; *Chwatal* v. *Schreiner,* 148 N. Y. 683.) The trust fund now held for the life of Melinda P. Schmidt will not vest absolutely in interest in her children then living, and

the descendants of children then deceased, in equal portions *per stirpes.* (*Soper* v. *Brown*, 136 N. Y. 250.)

*Henry W. Showers* for Melinda P. Schmidt et al., infants, defendants, respondents. The judgment of June 1, 1880, in the suit of *Colgate* v. *Schmidt* is not binding on the infant respondents Melinda P. Schmidt and Parbury Pollen Schmidt in regard to the construction of the will of George Parbury Pollen, deceased. (*Downey* v. *Seib*, 185 N. Y. 427; *Smith* v. *Secor*, 31 App. Div. 103; 157 N. Y. 402; *Teed* v. *Morton*, 60 N. Y. 502; *Kilpatrick* v. *Barron*, 125 N. Y. 751; *Stokes* v. *Foote*, 172 N. Y. 327; *Woodgate* v. *Fleet*, 44 N. Y. 1; *House* v. *Rockwood*, 137 N. Y. 259; *Reynolds* v. *Stockton*, 140 U. S. 254; *Shaw* v. *Broadbent*, 129 N. Y. 114; *People ex rel. Reilly* v. *Johnson*, 38 N. Y. 63; *Webb* v. *Buckelew*, 82 N. Y. 555.) The words "legal issue" used in the will must be construed as meaning descendants generally because of the absence of any indication in the provisions of the will or from the extrinsic circumstances proper to be considered that the testator intended to limit their meaning to children. (*Chwatal* v. *Schreiner*, 148 N. Y. 683; *Drake* v. *Drake*, 134 N. Y. 220; *N. Y. L. Ins. Co.* v. *Viele*, 161 N. Y. 11; *Pearce* v. *Rickard*, 19 L. R. A. 472; *Soper* v. *Brown*, 136 N. Y. 244.) The words "legal issue" used in the will should not be construed as meaning "living descendants *per stirpes.*" (*Pearce* v. *Rickard*, 19 L. R. A. 472; *W. F. Co.* v. *Sisson*, 17 N. J. Eq. 475; *Robbins* v. *Quinliven*, 79 Penn. St. 333.)

*John M. Harrington* for Fritz L. Schmidt, Sr., individually and as administrator of the estate of G. P. P. Schmidt, deceased, et al., defendants, respondents.

*Frederick C. McLaughlin* for Maria L. Durand, individually and as administratrix of the estate of John W. Schmidt, deceased, defendant, respondent.

Edward T. Bartlett, J. The testator, George Parbury Pollen, died on August 14th, 1877, leaving a will dated·April 15th, 1875, which contained the following provision : "To

my daughter, Melinda, I also give the interest or income as it accrues on two hundred thousand ($200,000) dollars during her natural life. The said amount to be set apart in such good dividend paying stocks and bonds as may stand in my name at the time of my decease, and at the then market value of the same. And at her death, I will that the said amount of two hundred thousand dollars go to her legal issue in equal portions after they severally reach the full age of twenty-one years."

The testator left him surviving two daughters, Melinda P. Schmidt and Ann Eliza Leggett. The will contains a similar provision for Mrs. Leggett and her legal issue.

The executors named in the will brought an action for its construction, which was tried before Mr. Justice Van Vorst under the title of *Colgate* v. *Schmidt*, and judgment duly entered upon his decision June 1st, 1880. The learned court made, among other findings, the following:

"*Eighth.* That, by the provisions of the said will wherein it is directed that at the death of each of the daughters respectively of the testator, the amount of two hundred thousand dollars should go to the legal issue of each of his said daughters, respectively, in equal portions, after they severally reach the full age of twenty-one years, it was intended by the testator that the said legacy of two hundred thousand dollars should become vested in the legal issue of each of the daughters of the said testator, who should be living at the death of their respective mothers, and that such issue should become entitled in equal portions to such several sums of two hundred thousand dollars respectively, and that the same should be payable to them after they severally reach the full age of twenty-one years."

After other litigation, not important to notice at this time, the present action was instituted and the trial begun before Mr. Justice Carr in March, 1907. Findings were duly made, the learned judge holding, in substance, that the established rule of law is that issue must be deemed to mean descendants unless there is something in the context of the will or in the extrinsic circumstances to indicate a contrary

intention. He also stated that he could find nothing in the context of the will which indicates that the testator used the words " lawful issue " in any sense other than in their strict legal meaning. The findings covered these views.

This case comes here by permission on appeal from an interlocutory judgment, upon which final judgment has not been entered, and we are confined to answering four certified questions.

Fritz L. Schmidt, Jr., the appellant, son of Melinda P. Schmidt, raises the question whether the nine infant grandchildren of Melinda P. Schmidt, the life tenant, who were not in being at the time of the testator's death, are to be regarded as remaindermen in the trust fund, he claiming that the testator in using the term " legal issue " meant his grandchildren, while the guardians *ad litem* of said grandchildren of the life tenant urge that the testator meant descendants. The appellant also contends that these nine grandchildren of the life tenant are bound by the judgment in *Colgate* v. *Schmidt*, for the reason that they take, if at all, by representation under the parties to that action.

It is well settled in this state that the words " legal issue," when used in a will and unexplained by the context, have the meaning of descendants. In *Soper* v. *Brown* (136 N. Y. 244, 248), Andrews, J., said : " But I am of opinion that the word ' issue ' in a deed or will, when used as a word of purchase and where its meaning is not otherwise defined by the context, and there are no indications that it was used in any other than its legal sense, comprehends all persons in the line of descent from the ancestor and has the same meaning as ' descendants,' and that while it embraces the children of the ancestor, it is because they are descendants in common with all other persons who can trace direct descent from a common source." The learned judge goes on to distinguish the cases where the word " issue " has been used in its restricted sense of meaning " children." (See, also, *Drake* v. *Drake,* 134 N. Y. 220 ; *N. Y. Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11, 19, 20 ; *Chwatal* v. *Schreiner,* 148 N. Y. 683.)

This is also the rule as stated by Mr. Jarman (2 Jarman on Wills, 98).

The nine after-born grandchildren of the life tenant do not take by representation, but directly as descendants of the testator.

In Black on Judgments (§ 549) it is stated : " If a person is bound by a judgment, as a privy to one of the parties, it is because he has succeeded to some right, title, or interest of that party in the subject-matter of the litigation, and not because there is privity of blood, law, or representation between them, although privity of the latter sort may also exist." (See, also, *Downey* v. *Seib*, 185 N. Y. 427, 433, where the above quotation is cited with approval.)

In the case before us the facts disclose only privity of blood ; no right, title or interest was litigated as between the parties — each takes as a descendant of testator.

In *Rudd* v. *Cornell* (171 N. Y. 114, 127, 130) it was held that the statement in an interlocutory judgment rendered in a partition suit, that a certain beneficiary under a testamentary trust is entitled to a specified portion of the proceeds of sale, is not binding upon the other beneficiaries where their rights as between themselves were not drawn in issue and the final judgment merely determined that one-half of the proceeds of such sale should be paid to the executrices under the will for the purpose of the trust created by it.

It is further insisted by the appellant that even if the will be construed so as to hold that the words " legal issue " mean descendants generally, that nevertheless the distribution should be not *per capita,* but *per stirpes.*

It was expressly held in *Soper* v. *Brown* (136 N. Y. 244, 250, already cited) as follows : " It is settled that under a gift to ' issue,' where the word is used without any terms in the context to qualify its meaning, the children of the ancestor and the issue of such children, although the parent is living, as well as the issue of deceased children, take in equal shares *per capita* and not *per stirpes,* as primary objects of the disposition."

Opinion of the Court, per Edward T. Bartlett, J.   [Vol. 195.

The four questions certified are answered as follows:

I. Is the judgment of June 1, 1880, in the suit of *Colgate* v. *Schmidt*, referred to in the decision herein, conclusive upon the parties to this action in regard to the construction of the will of George Parbury Pollen, deceased?

Answered in the negative.

II. Is it the true construction of the will of George Parbury Pollen, deceased, that on the death of the defendant Melinda P. Schmidt the trust fund now held for her life will vest absolutely in interest in all her descendants, then living, in equal portions *per capita?*

Answered in the affirmative.

III. Is it the true construction of the will of said George Parbury Pollen, deceased, that on the death of the defendant Melinda P. Schmidt the trust fund now held for her life will vest absolutely in interest in her children then living, in equal portions *per capita?*

Answered in the negative.

IV. Is it the true construction of the will of said George Parbury Pollen, deceased, that on the death of the defendant Melinda P. Schmidt the trust fund now held for her life will vest absolutely in interest in her children then living, and the descendants of children then deceased, in equal portions *per stirpes?*

Answered in the negative.

The order of the Appellate Division affirming the interlocutory judgment herein, entered upon the decision of the Special Term, is hereby affirmed, with one bill of costs to each of the guardians *ad litem* who filed briefs in this court, and one bill of costs to the other respondents, payable out of the funds which will be created from the sale of the property directed in the judgment.

The motions made to dismiss the appeal herein, submitted on the argument in this court, are denied, without costs.

Cullen, Ch. J., Gray, Haight, Vann, Werner and Hiscock, JJ., concur.

Order affirmed, etc.