---

(80 Misc. Rep. 606.)

### In re CROMWELL.

(Surrogate's Court, Westchester County. May, 1913.)

WILLS (§ 533*)—CONSTRUCTION—"LAWFUL ISSUE."
Where a will bequeathed to testator's daughter the residue of his estate during her natural life, and after her decease "the principal to her lawful issue," and the daughter died leaving three children and seven grandchildren, the estate was to be distributed per capita and not per stirpes; the words "lawful issue," when used in a will and unexplained by the context, meaning descendants.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1147; Dec. Dig. § 533.*

For other definitions, see Words and Phrases, vol. 5, pp. 4029, 4030.]

Judicial settlement of the account of David Cromwell as substituted trustee, etc. Decreed according to opinion.

Platt & Aiken, of White Plains, for petitioner.

J. Ambrose Goodwin, of White Plains, special guardian

Frederick B. Van Kleeck, Jr., of White Plains, for Harry D. Ramsdall.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

SAWYER, S. The petition presented in this matter was for the final judicial settlement of the account of David Cromwell, as substituted trustee of and under the last will and testament of Benjamin Disbrow, deceased.

The decedent died on or about the 6th day of December, 1853, leaving a last will and testament and a codicil thereto. The will and codicil were duly admitted to probate by the surrogate of Westchester county, December 26, 1853. The decedent left him surviving one son and five daughters.

After certain bequests, together with a life interest to his wife, the testator devised and bequeathed unto his son a sixth part of the residue of his estate, and to each one of his daughters he bequeathed the income of one-sixth part of his residuary estate during the natural life of each. The ninth clause of the will reads as follows:

"Ninth. I give and bequeath unto my daughter Harriett M. Disbrow the interest and income of the remaining one-sixth part of the residue of my estate during her natural life, and after her decease I give and bequeath the principal to her lawful issue."

The said Harriett M. Disbrow, mentioned in the ninth clause of the will, departed this life on the 22d day of July, 1912, leaving her surviving three children and seven grandchildren. The question presented on this accounting is whether the fund to be distributed shall be paid, one-quarter each to the three surviving children and one-quarter to the four grandchildren whose parent is deceased, or whether there shall be a per capita distribution in which all of the children and grandchildren shall share equally. In other words, shall the distribution be per stirpes or per capita?

A careful consideration of the will fails to disclose any words which could be construed as an intention on the part of the testator that the bequest after the decease of his daughter, Harriett Disbrow Ramsdall, should be limited only to her children. The ninth clause of the will specifically devises and bequeaths to his daughter Harriett a life estate, and after her decease "I give and bequeath the principal to her lawful issue."

It is well settled in this state that the words "lawful issue," when used in a will and unexplained by the context, have the meaning of descendants, and where the words are used without any terms in the context to qualify their meaning the children of the ancestor and the issue of such children, although the parent is living, as well as the issue of deceased children, take in equal shares per capita and not per stirpes as primary objects of the disposition. Schmidt v. Jewett, 195 N. Y. 486, 88 N. E. 1110, 133 Am. St. Rep. 815; Soper v. Brown, 136 N. Y. 244, 32 N. E. 768, 32 Am. St. Rep. 731; Drake v. Drake, 134 N. Y. 220, 32 N. E. 114, 17 L. R. A. 664; Matter of Bauerdorf, 77 Misc. Rep. 656, 138 N. Y. Supp. 673; 2 Jarman, Wills, 635, 636; 1 Bouvier, L. Dict. 1124.

Clearly it was the intention of the testator under his will to have his estate distributed per capita and not per stirpes.

Decreed accordingly.