also used in the construction of the building. The true rule is pointed out in the case of Schultz v. Quereau Co., supra. The test seems to be whether the materials entered directly into the construction or were only used as an instrumentality of the construction. In this case, the lumber itself was actually applied to the structure and became a temporary part thereof, and, while such a part, it became worthless, and in that sense lost its identity as lumber. Under these circumstances, it in my opinion, should be considered as materials used in the construction, and not a tool or appliance used for the construction.

[10] The lien of Joseph Johnson's Sons is for labor and materials. The materials are concededly the subject of a lawful lien within the statute; but the plaintiff contends that the so-called labor is not the proper subject of a lien within the rule as laid down in the cases of Troy Public Works Co. v. City of Yonkers, supra, and Schultz v. Quereau Co., supra. This lien itemizes the labor and shows that a considerable portion thereof is for hire of teams and horses, hire of hoisting machine with horse and driver, and ferriage to the place of work. It is quite true that, if the lienor had merely furnished these instrumentalities to the contractor, he could not file a lien for their hire, for they would not constitute materials within the meaning of the statute, and the mere hiring of instrumentalities does not constitute labor. It appears, however, that in this case each wagon and the hoisting machine were furnished with a horse and man, and the lienor actually performed the labor of hoisting and trucking. He is entitled to a lien for the value of the labor so performed, and this value is merely increased by the instrumentalities used in this labor.

I find that the plaintiff's principal lien is subordinate to the liens and assignments of the defendants named, except the lien claimed by the defendant Vulcan Rail & Construction Company; and I also find that the counterclaim of the defendant State Construction Company should be dismissed. Findings passed upon. Submit decision and decree.

---

## In re FARMERS' LOAN & TRUST CO.

### In re MOTT'S WILL.

#### (No. 6054.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. WILLS (§ 440*)—CONSTRUCTION—INTENTION OF TESTATOR.
   The intention of testator, as ascertained from his will, prevails.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

2. WILLS (§ 498*)—CONSTRUCTION—MEANING OF WORDS—"ISSUE."
   The word "issue" in a will ordinarily means all descendants, but the word will readily yield so as to mean only children, where that appears from the context and from a consideration of the will to be the intention of testator.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. § 498.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3782–3792; vol. 8, p. 7693.]

---

3. WILLS (§ 498*)—CONSTRUCTION—MEANING OF WORDS—"ISSUE."

Testator gave his estate to his wife for life or widowhood, and directed that on her death or remarriage the estate should be sold and divided into nine parts and gave a ninth to each of his seven children, and two-ninths to trustees in trust for a daughter of a deceased son and in trust for a son of a deceased daughter, and declared that on the death of either of his children before the division of the estate the share should pass to his or her issue, and provided that, on the death of granddaughter or grandson, his or her share should pass to his or her issue." *Held,* that the word "issue" meant children and not descendants, and the share of the granddaughter passed on her death to her children equally.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. § 498.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the account of the Farmers' Loan & Trust Company, as successor trustee under the will of Valentine Mott, deceased. From a decree of the Surrogate's Court, the parties aggrieved appeal. Reversed and rendered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry A. Uterhart, of New York City, for appellants.
Wm. Wickham Hoffman, of New York City, for respondent.

SCOTT, J. The only question presented on this appeal is as to the construction to be given to a single phrase in the last will and testament of Valentine Mott, deceased, the precise question being whether the word "issue" as used in the fifth clause of the will should be construed as meaning "children" or "descendants," the learned surrogate having adopted the latter construction.

The facts are as follows: Valentine Mott died in April, 1865, leaving a last will and testament dated July 1, 1863, and a codicil thereto dated February 18, 1865, which were both admitted to probate by the surrogate of New York county on May 3, 1865. By his will, the testator gave all his estate, real and personal, to his wife for her use and enjoyment during her life or widowhood.

Upon the death or remarriage of his wife, he directed his estate to be sold and divided into nine equal parts. He gave one-ninth of his estate to each of his seven children; one-ninth to Isaac Bell, Jr. (the predecessor of the Farmers' Loan & Trust Company), in trust for Fanny Mott, the daughter of his deceased son, Valentine Mott; and one-ninth to Isaac Bell, Jr., in trust for Valentine A. Blacque, son of his deceased daughter Olivia.

The fourth clause of his will contained the following provision with respect to one-ninth part of his estate given to each of his children:

"In case of the death of either of my children before the division of my estate, I give, devise and bequeath what would have been his or her share, if living, to his or her issue, if any, such issue to take equally what would have been the parent's share. If no issue, then I give, devise and bequeath such ninth part to my surviving children and the issue of those deceased."

The fifth clause contained the trusts for Valentine A. Blacque and Fanny Mott and provided for the payment to each of them of "the net

income of his or her respective share during his or her life," and then provided as follows:

"Upon the death of either, I give, devise and bequeath his or her share to his or her issue, if any. If there be no issue, then to my surviving children and the issue of those deceased."

Fanny Mott, the testator's granddaughter, married Samuel Campbell, and thereafter was known as Fanny Mott Campbell. She died April 24, 1912, leaving her surviving two daughters, Fanny Van Schaick and Lillie C. Boyd.                                                    •

Fanny Van Schaick has one child, Francis Carter Van Schaick. Lillie C. Boyd has three children, to wit: John Jaclin Boyd, Frances Campbell Boyd, and Emily Jacquemin Boyd.

The question presented, therefore, is whether the testator, by providing in the fifth clause of his will that upon the death of Fanny Mott Campbell her share was to go to her "issue," intended thereby her "children," in which event it will be divided equally between her two daughters, Mrs. Van Schaick and Mrs. Boyd; or whether the testator meant by the word "issue" the "descendants" of Fanny Mott Campbell, in which event the trust fund is to be divided into six equal parts, one going to Mrs. Van Schaick and one to her daughter, and one going to Mrs. Boyd and one to each of her three children.

[1, 2] It will be conceded without question that the construction to be given to the disputed clause is to be determined by the application of two cardinal rules: First, that the intention of the testator as ascertained from the will is to prevail, and, second, that the primary and usual meaning of the word "issue" as used in a will is that of all descendants, but that this meaning will readily yield to that of "children" if it appears from the context and from a consideration of the whole will that such was the testator's intention.

[3] The question in the present case is certainly a close one; but we are of opinion, upon a careful consideration of the whole scope of the will and codicil, that the dominating idea in the mind of the testator was to make a stirpital disposition of his property. He creates a number of life estates, and when he provides, as he frequently does, that the remainder shall go to the "issue" of the life tenant, he almost invariably uses words indicating an intention that those who are to take the remainder shall take by representation or, as he sometimes expresses it "per stirpes."

A very similar question was presented in Matter of Tenney, 104 App. Div. 290, 93 N. Y. Supp. 811, in which the word "issue" was given the meaning of children. Without reiterating the reasons given in that case for arriving at this conclusion, it is sufficient to say that they apply with equal force to the present case. A similar meaning was attributed to the word "issue" in Rasquin v. Hamersley, 152 App. Div. 522, 137 N. Y. Supp. 578, affirmed 208 N. Y. 630, 102 N. E. 1112, and in Emmet v. Emmet, 67 App. Div. 183, 73 N. Y. Supp. 614.

When the testator made his will, Fanny Mott and Valentine A. Blacque were each the only child of a deceased child, and it is apparent that it was his purpose to place them in the category of children, and make provision for them accordingly. No reason suggests itself

why, as to their shares, he should have intended the remainder to be distributed per capita, when he had been so careful, as to other shares, to provide for a distribution by representation. The construction adopted by the learned surrogate would lead to an inequality of distribution which in every other case the testator has been careful to guard against.

For these reasons we are of opinion that the decree, in so far as appealed from must be reversed, and the word "issue," as used in the fifth clause of the will, accorded the construction contended for by appellants, with costs to the appellants, and the infant respondents payable out of the fund held in trust for Fanny Mott Campbell, deceased. It will be unnecessary to remit the matter to the Surrogate's Court merely to readjust the distribution of the fund which can be readily done by the order to be entered herein. Settle order on notice. All concur.