In the Matter of the Estate of George P. Pollen, Deceased.

Surrogate's Court, New York County, March 24, 1925.

**Executors and administrators — accounting — bequest of income to life tenant with remainder to descendants living at her death vests said fund in said descendants in equal portions per capita and not per stirpes — claim of attorney for services rendered estate reduced to amount predicated upon reasonable value of services actually rendered — payments of claims, liens and assignments directed to be made in accordance with prior judgment.**

A bequest in a will of the income of a fund to a life tenant with remainder to the lawful descendants living at her death, vests the corpus of said fund in the descendants of said life tenant in equal portions *per capita* and not *per stirpes*.

Upon an accounting proceeding therein, the claim of an attorney for services rendered the estate should be reduced to an amount predicated upon the reasonable value of the services actually rendered by him, where, though said attorney was retained under an agreement to render services in other actions that might be brought and in any suit involving the distribution of the trust fund, his services were properly terminated before complete performance was had.

Certain liens or assignments and payments of amounts awarded to special guardians should be made in accordance with the provisions of a judgment heretofore made determining the manner of the distribution of the trust fund.

Proceeding for an accounting.

*Stetson, Jennings & Russell*, for the Guaranty Trust Company of New York as accountant.

*Truman H. Baldwin & Sons*, for Elsie M. Jewett and others.

*Rosalie F. Janeor*, for Fritz Leopold Schmidt and others.

*Carroll Blakely Low*, for Walter Carroll Low.

*Fritz Leopold Schmidt, Jr.,* in person.

*Charles J. McDermott,* in person.

*Henry W. Showers,* in person.

*Matthew T. Murray, Jr.,* for the Guaranty Trust Company of New York individually.

*Coudert Brothers,* for Frederic R. Coudert and others.

*Kenneth O'Brien,* special guardian.

FOLEY, S.:

The various issues raised in this accounting proceeding are disposed of as follows:

(1) The decision of the Court of Appeals in *Schmidt* v. *Jewett* (195 N. Y. 486) is conclusive as to the distribution of the trust fund under the decree to be made herein. The Court of Appeals specifically held in that decision that the judgment of June 1, 1880, in the action of *Colgate* v. *Schmidt* was not a binding adjudication upon the parties in *Schmidt* v. *Jewett.* It also held that the fund vested at the termination of the trust in all the lawful descendants of Melinda P. Schmidt living at the death of Melinda P. Schmidt in equal portions *per capita* and not *per stirpes.* Thereby the grandchildren and great grandchildren of Melinda P. Schmidt became entitled to share in equal portions in the fund. The alleged irregularities in the procedure in *Schmidt* v. *Jewett* (*supra*) urged by Fritz Leopold Schmidt, one of the remaindermen, cannot be considered here. They have been made the subject of numerous applications in the Supreme Court in that action to vacate the judgment therein, but these repeated attacks have been all decided adversely to him, the most recent motion having been denied by Mr. Justice LAZANSKY by order entered March 17, 1925. The decree herein, therefore, should direct the payment of one-twelfth of the corpus of the trust fund, together with accrued income thereon from the date of the death of the life beneficiary, and after the deduction of any charges or allowances, to each of the twelve descendants of the life tenant, Melinda P. Schmidt, living at the date of her death in accordance with the provisions of the final judgment entered in the action of *Schmidt* v. *Jewett* on June 24, 1910, upon the remittitur of the Court of Appeals.

(2) The decree here should direct the payment of the amounts awarded to Charles J. McDermott and Henry W. Showers as special guardians in accordance with the provisions of that judgment. No interest will be allowed upon the sums fixed as compensation of the special guardians. The amounts due them must be

charged against the shares of the respective parties as directed by the provisions of the final judgment.

(3) The decree should direct the payment of $5,000 to Walter Carroll Low out of the share of Fritz Leopold Schmidt in accordance with the order of Mr. Justice LEVENTRITT made February 9, 1905, in the Supreme Court, New York county.

(4) As to the claim of Walter Carroll Low for the sum of $2,000 under the agreements between him and Fritz Leopold Schmidt of November 21, 1904, and June 26, 1907, I find that there is no liability on the part of Fritz Leopold Schmidt for the entire amount of said claim.    Neither of these agreements provided for the absolute payment of $2,000.    The former agreement required the attorney to render services in the action of *Schmidt* v. *Jewett*, to prosecute the various appeals to the Court of Appeals, to render services in other actions that might be brought, and services in any suit involving the distribution of the trust fund.    The word " suit " clearly contemplated not only an action, but a proceeding such as the pending final accounting.    Shortly after the making of the agreement and after the commencement of the action of *Schmidt* v. *Jewett*, Mr. Schmidt discharged his attorney.    Thereafter he again re-employed him for the appeal in the Appellate Division, second department and agreed to pay him the sum of $500 for that work, under the agreement of June 26, 1907.    The order of Mr. Justice MADDOX entered on April 20, 1905, which substituted another firm of attorneys in place of Walter Carroll Low, simply reserved whatever rights he had under the contract of retainer of November 21, 1904, and preserved his lien for whatever amount had been earned by him on the contract up to that time.    The later agreement, while continuing the agreement of November 21, 1904, in no way added to its terms, nor afforded any basis of claim that the $2,000 payable under the earlier agreement was to be paid absolutely and without regard to the completion of the services.    Under the authorities, Schmidt had the right to terminate the relationship of attorney and client at any time before complete performance without cause, even if the employment of his attorney was covered by written contract.    (*Martin* v. *Camp*, 219 N. Y. 170; *Matter of Dunn*, 205 id. 398.)    Such discharge did not entitle the attorney to recover damages for breach of the contract, but remitted him to his claim only for the reasonable value of the services actually rendered.    (*Matter of Dunn*, *supra*; *Andrewes* v. *Haas*, 214 N. Y. 255; *Corcoran* v. *Kellogg Structural Co.*, 179 App. Div. 396; *Matter of City of New York, etc.*, 219 N. Y. 192; *Greenberg* v. *Remick & Co.*, 230 id. 70.)    I find that the reasonable value of the professional services actually rendered by Walter Carroll Low to his client for

the relatively short period he was engaged, and the comparatively slight efforts involved, was $150, and under the order of substitution of Mr. Justice MADDOX the decree should direct payment out of the share of Fritz Leopold Schmidt in the fund.

(5) The charge of the attorneys for the trustees for their services is reduced to the sum of $2,125. (*Matter of Eddy*, 207 App. Div. 162.) The decree should also contain a direction to pay the firm of Coudert Brothers the amount of their lien under the agreement of December 30, 1908, out of the share of Fritz Leopold Schmidt.

(6) In view of the pending litigation in the Supreme Court between the Guaranty Trust Company, the trustee here, and Fritz Leopold Schmidt, a sufficient amount should be reserved out of his share to cover any ultimate recovery of the amount sued for, with costs. The trustees may withhold such amount pending the final adjudication and either party may apply thereafter for a supplemental decree in this proceeding.

(7) The remaining liens or assignments against the share of Fritz Leopold Schmidt to which no objection has been made by him should be directed to be paid in the decree out of his share.

Tax costs and submit decree on notice accordingly.