In the Matter of the Estate of CHARLES VAN ETTEN, Deceased.

Surrogate's Court, New York County, March 10, 1930.

*Harry Edwards* [*Samuel Lippman* of counsel], for the administrator.

*David C. Broderick,* special guardian.

*Dean, King, Smith & Taylor,* for Sarah E. Gill.

O'BRIEN, S. This is an accounting by Ella B. Van Buren as administratrix c. t. a. of the above-named decedent in which a question of construction of testator's will is involved by reason of the 3d paragraph thereof which reads as follows:

" *Third.* In case there shall not be any child of mine or any descendant of a child of mine, living at the time of the death of my said wife, then and in that event, upon and immediately after her, my said wife's decease, and the termination of said Trust estate, I give, devise and bequeath all of my said property and estate, to my sisters, *Susie S. Crowell and Frances Clark,* to be

divided between them equally, share and share alike. Should, however, either of my said sisters die before the death of my said wife, leaving lawful issue her surviving and living at the time of my wife's decease, then and in that event I give, devise and bequeath to such issue the share of my estate that their mother would have taken or been entitled to receive, if then living."

The testator left no children. His wife died seven days after his demise so that the trust immediately terminated and the remainder became distributable under the terms of the paragraph above quoted. Susie S. Crowell and Frances Clark, both of the testator's sisters, predeceased said testator and his wife. Susie S. Crowell is survived by a daughter, Edith Steel, and it is conceded that she is entitled to one-half of the estate. Frances Clark, the other sister, had a daughter, Sara Elizabeth Gill, now living, and a son, Arthur Clark, who predeceased the testator and his wife but who left him surviving a daughter, Maxine Van Etten Clark, an infant, who claims the share of the estate that her father, Arthur Clark, would have received if living. The question presented is, therefore, whether or not Maxine Van Etten Clark, the *granddaughter* of Frances Clark by her son Arthur, is entitled to receive such portion of the estate as her father would have taken if living or whether Sara Elizabeth Gill, the *sole surviving child* of Frances Clark, is entitled to the latter's entire share. Such construction depends upon the interpretation of the word " issue " as used in this will. The will provides that if either of the sisters should not be living at the wife's death but are survived by lawful " issue " that such " issue " take. I hold that the word " issue " should be given its *primary* interpretation as including *descendants generally* with distribution *per stirpes*. (*Schmidt* v. *Jewett*, 195 N. Y. 486; *Matter of Farmers' Loan & Trust Co.*, 213 id. 168; *Matter of Union Trust Co.*, 170 App. Div. 176; affd., 219 N. Y. 537.) The word " issue " is never limited to children where there are *grandchildren* unless an intention is clearly expressed in the will that the testator intended to so limit the use of the term. Distribution, however, must be *per stirpes*. (Decedent Estate Law, § 47-a, as added by Laws of 1921, chap. 379, and cases *supra*.) Submit decree on notice settling the account and construing the will accordingly.