In the Matter of the Estate of ELIZABETH B. SANDERS, Deceased.

Surrogate's Court, Albany County, August 11, 1933.

*Frank S. Curry*, for Elizabeth S. Ackerman.

*Herman J. Diekman*, special guardian for James Paul Ackerman, Paul Sanders Ackerman and Elizabeth Ann Ackerman.

*John J. McManus*, for The National Commercial Bank and Trust Company of Albany.

ROGAN, S. This is a proceeding for a final accounting by the National Commercial Bank and Trust Company of Albany, as successor trustee of the trusts under the will of Elizabeth B. Sanders, deceased. The court has been asked for directions as to how the corpus of the trust is to be distributed.

The testatrix died leaving a last will and testament which was duly admitted to probate in this court. She was survived by two sons, Bleecker Sanders and James B. Sanders. Bleecker Sanders never had any children during his lifetime. He died December 8, 1932. His brother, James B. Sanders, died March 1, 1933, and was survived by his wife and his daughter, Elizabeth S. Ackerman, and three grandchildren, children of his daughter, Elizabeth S. Ackerman. In setting up the trust in favor of her son, James B. Sanders, the testatrix used the following language: " And I give, devise and bequeath the other undivided one-half part of all the aforesaid rest, residue and remainder of my property, real and personal, to my friend, Abraham V. DeWitt, of the City of Albany, as trustee, in trust, to receive the rents, profits, issues and income thereof, and to apply the same to the use of my son, James B. Sanders, during the term of his natural life and, on his death, to transfer and convey the real and personal property composing this (second) trust estate to his issue, if any he shall leave surviving him but, if he leave no such surviving issue, then to continue to hold such property composing this trust estate, in trust, to receive rents, issues, profits and income thereof, and apply the same to the use of my son, Bleecker Sanders, during his natural life (in case he should survive his brother James) and, on the death of said Bleecker, to transfer and convey the property composing the trust estate to his issue, if he leave any issue surviving him."

The word " issue " when used in a will must be given its primary interpretation as including descendants generally. The word " issue " is never limited to children where there are grandchildren unless an intention is clearly expressed in the will that the testator intended to limit the use of the term. (*Matter of Van Etten*, 136 Misc. 436.) " Issue " implies lineal descendants of every generation and must be so construed when used in a will unless the testator, by expression or inference, has shown an intent to use the word in a restricted sense. Without words of qualification the term " issue " is used as a word of donation and not of limitation, meaning

posterity, progeny, breed, stock descendant, heir, heritage and lineage. The word " issue " is of even broader import than " descendant " and may include the children of a living parent. (*Matter of Schuster*, 111 Misc. 534.) It is settled that under a gift to issue when the word is used without any terms in the context to qualify its meaning, the children of the ancestor and the issue of such children, although the parent is living, as well as the issue of deceased children take in equal shares *per capita* and not *per stirpes*, as primary objects of the disposition. Where the word " issue " is used it is used in its legal sense. (*Petry* v. *Petry*, 186 App. Div. 738.) It is only when there are doubts that it was used in any other than its legal sense and does not comprehend all persons in the line of descent from the ancestor and has not the same meaning as descendants that the presumption is overcome. (*Soper* v. *Brown*, 136 N. Y. 244; *Matter of Durant*, 231 id. 41.) A careful reading of the will fails to disclose any intention on the part of the testatrix to use the word " issue " with any restrictive intent; consequently, it must be construed to effectuate the intent with which it appears to have been used. The word " issue," as used in the will of deceased, is in no wise otherwise expressed in the context thereof, and, therefore, can only mean descendants in every degree. (*Schmidt* v. *Jewett*, 195 N. Y. 486.)

I hold, therefore, that the term " issue," as used in *this* will, is to be construed to mean the descendants of all degrees, and that, therefore, the daughter, Elizabeth S. Ackerman, and her three infant children, James Paul Ackerman, Paul Sanders Ackerman and Elizabeth Ann Ackerman, are each entitled to take a one-quarter share each.

Enter decree accordingly.