In the Matter of the Estate of WILLIAM C. HERRICK, Deceased.

Surrogate's Court, Albany County, June 18, 1934.

*Stedman & Stedman*, for the petitioner.

*Robert F. Greacen*, for Julia H. Kellogg.

*John H. Cogan*, special guardian for all infants.

ROGAN, J. The court is asked to construe the " third " paragraph of decedent's will, which was admitted to probate in this court June 25, 1888, and which reads in part as follows: "After the death of both my wife Julia A. Herrick and my son Frank C. Herrick * * * I give, bequeath and devise all of said real estate and the proceeds of any sales thereof with the increase to the lineal descendants of my said son Frank C. Herrick *per capita*, share and share alike."

Frank C. Herrick died December 4, 1933. He left him surviving three children, Julia H. Kellogg, William C. Herrick and Ruth H. Ward. Julia H. Kellogg has three children, William C. Herrick four, and Ruth H. Ward has one child. All of the grandchildren of Frank C. Herrick are infants.

The special guardian of the infants contends that the phrase " lineal descendants," as used in the will under construction, comprehends all persons in the direct line of descent from the ancestor, and that each of his wards is entitled to an one-eleventh part of the residuary estate.

The Century Dictionary defines the words " lineal descendant " to mean " descent from father to son through successive generations," and " descendant " as " an individual proceeding from an ancestor in any degree; issue; offspring, near or remote." " Lineal " is defined as " proceeding in a direct or unbroken line; hereditary; unbroken in course; distinguished from collateral; as lineal descent; lineal succession." It is also defined as " pertaining or relating to direct descent; hereditary in quality or character; having an ancestral basis or right." " Lineage " is defined as " line of descent from an ancestor; hence, family; race; stock." Worcester defines " descendant " as " the offspring of an ancestor; progeny." " Descent " as " proceeding from an original or progenitor, extraction." Also as " offspring, issue, descendants; " and " descent " in law as " transmission of estates of inheritance." " Lineal " as in a " direct line from an ancestor, pertaining to a direct line of descent, hereditary."

The meaning of the word " descendant " as given by Webster is " any person proceeding from an ancestor in any degree, issue, offspring in the line of generation." Descendants, when used either in written or spoken language, when unconnected with any qualifying word, describe the children, grandchildren, etc., of the person named, and where that person is dead it embraces his posterity. (*Van Beuren* v. *Dash*, 30 N. Y. 393.)

Unless there is something in the will which would indicate that the testator made use of words having in common parlance a definite meaning in other than their natural and ordinary meaning, we must assume that he intended them to be understood in their natural and popular sense. Jarman in his Treatise on Wills (6th ed.), page 1587, says: "A gift to descendants receives a construction answering to the obvious sense of the term; namely. as comprising issue of every degree."

Decedent's will was a carefully-drawn document which gives every evidence of the utmost deliberation and caution in its preparation, and of the careful use of the proper legal terms by its draftsman. I can find in it no such expression of a clear intention by the testator to limit the meaning of the words " lineal descendants " as to bring them outside of the ordinary rule. On the contrary, we find that the decedent used these words with care and discrimination so as to leave them plain and unambiguous. While it has been said that the word " issue " is of even broader import than " descendant " (*Matter of Schuster*, 111 Misc. 534), nevertheless the application of the term is the same and is never limited to children unless an intention is clearly expressed in the will that the testator intended to limit the use of the term. (*Matter of Van Etten*, 136 Misc. 436.) It is only when there are doubts that it was used in any other than

its legal sense and does not comprehend all persons in the line of descent from an ancestor that the presumption is overcome. (*Soper v. Brown*, 136 N. Y. 244; *Matter of Durant*, 231 id. 41.) As the provision for a distribution *per capita* is emphatically stated in the will, and as it is not related to any other clause in the will, nor limited, or enlarged by any other intention expressed therein, I hold that upon the death of Frank C. Herrick he became ancestor of all living descendants, and each is entitled to an one-eleventh share or portion of the residuary estate under the will. Enter decree accordingly.