EDWARD C. WILSON, an Infant, by ELIZA J. SPONENBERG, his Guar- dian ad Litem, Respondent, _v._ WINFIELD WILSON and Others, Appellants, Impleaded with SCHUYLER S. WILSON, Respondent.

_" Issue "_ — _meaning of, in a will defined_ — _" lawful male issue "_ not limited to the sons but extended to the sons of deceased sons.

The word "issue" in a deed or will, where used as a word of purchase, and where its meaning it not defined by the context and there are no indications that it was used in any other than its legal sense, comprehends all persons in the line of descent from the ancestor, and has the same meaning as "descendants."

The words "lawful male issue" used in the following clause of a will, "_Fourthly._ I give, devise and bequeath to my son, Ira, the farm on which I now reside and my wood lot near Starlings, above mentioned, except thereout on my said farm, where the burial ground now is, a piece of forty feet square, which is forever to be devoted to the sole purpose of a burial place for myself and my connections and descendants. To have and to hold the same to him for life, and, in case he should die leaving _lawful male issue_, then to such male issue and to his or their heirs and assigns forever," are not limited to the male children of the testator's son, Ira, living at the time of his decease, but include the male children of such of Ira's sons as died prior to the latter.

_Quære_, whether the words in question would apply to the male children of a liv- ing daughter of the testator's son, Ira.

APPEAL by the defendants, Winfield Wilson and others, from an interlocutory judgment of the Supreme Court, in favor of the plain-

tiff and the defendant Schuyler S. Wilson, entered in the office of the clerk of the county of Montgomery on the 24th day of June, 1902, upon the decision of the court rendered after a trial at the Montgomery Special Term.

Jacob Wilson died, the owner of the real property described in the complaint, on the 15th day of September, 1838. He left a will, dated May 18, 1835, which was duly probated on the 26th day of November, 1838. The real property in question is a farm and wood lot and was devised by the 4th paragraph of the will as follows :

"*Fourthly.* I give, devise and bequeath to my son Ira the farm on which I now reside and my wood lot near Starlings above mentioned, except thereout on my said farm where the burial ground now is a piece of forty feet square which is forever to be devoted to the sole purpose of a burial place for myself and my connections and descendants. To have and to hold the same to him for life, and in case he should die leaving lawful male issue then to such male issue and to his or their heirs and assigns forever, subject to the right herein given to my said wife, and also subject to the powers and authorities herein given to my executors."

When the will was executed Ira Wilson was about eight years old. He continued to live on said farm during his life and died on the 27th day of May, 1901. He left him surviving his widow, Sarah Jane Wilson, and three sons, the defendants Winfield Wilson, Jay S. Wilson and Richard II. Wilson ; also the plaintiff, Edward C. Wilson, a grandson and the only heir at law of a deceased son, Ira Wilson, the defendant Schuyler S. Wilson, a grandson and the only heir at law of another deceased son of Ira Wilson, Sr., also one daughter, Lydia Wemple, who is still living. She has three children, all sons. Several conveyances were received in evidence affecting the interests of the parties in the real property, but they are immaterial so far as they affect the question at issue herein. This action is brought by the plaintiff for the partition of said real property. Lydia Wemple and her children are not made parties to the action. The plaintiff and the defendant Schuyler S. Wilson claim that they are "lawful male issue" of Ira Wilson and as such are each entitled to an undivided one-fifth part of the real property described in the complaint. The appellants claim that under the will of Ira Wilson

his "lawful male issue" are limited to the male children of Ira Wilson living at the time of his decease, and that respondents have no interest in said real property. The decision of the court was in favor of the contention of the plaintiff and said Schuyler S. Wilson, and from the interlocutory judgment entered upon such decision this appeal is taken.

*Henry V. Borst* and *J. S. Sitterly,* for the appellants.

*T. B. Merchant & L. M. Merchant,* for the respondent.

*Andrew J. Nellis,* guardian *ad litem,* for the respondent Schuyler S. Wilson.

CHASE, J.:

The word "issue" in a deed or will, where used as a word of purchase and where its meaning is not defined by the context and there are no indications that it was used in any other than its legal sense, comprehends all persons in the line of descent from the ancestor, and so has the same meaning as "descendants." (*Soper* v. *Brown,* 136 N. Y. 244.)

The rule of law stated from *Soper* v. *Brown* (*supra*) is not disputed by the appellants, but it is claimed by them that there are indications in the will that the testator used the word "issue" as meaning "children." In the paragraph of the will quoted the word "descendants" is used, and the appellants argue that the use of the word "issue" thereafter indicates that the testator understood that the word "issue" has a different meaning from the word "descendants," and that, therefore, such word must have been used by him in its restricted and limited sense as referring to children only. In other parts of the will each of testator's children were mentioned by name, and bequests and devises were made to them severally. If the testator had referred to the children so named as his issue, it would have been strong and perhaps controlling evidence in favor of the appellants' contention. Instead of using the words "issue" and "children" as synonymous, he several times referred to the legatees and devises as his children, without in any instance using the word "issue."

In the 7th paragraph of the will testator provided: "That my executors shall pay the *legacies to my said children* within three

years after my decease, and that my executors shall release and discharge all claims and demands I have against *any of my children* \* \* \*."

In the 6th paragraph of the will provision is made for renting the farm in question, and his executors were empowered to rent the farm and apply the rents and profits thereof as in said paragraph provided, and the paragraph then closes as follows: " And in case of any overplus shall remain in the hands of my executors at the time my son Ira shall arrive at the age of twenty-five years that *overplus is to be equally divided amongst the eldest male child of my sons*, but neither one to have over one hundred dollars, and if any over and above that sum then the remaining overplus to be equally *divided amongst my children*."

The repeated use in the will by the testator of the word " children " after the use of the word " issue " is as strong an indication that the testator used these words with the understanding that they have a different meaning, as the use of the words " descendants " and " issue " in the 4th paragraph of the will is an indication that testator understood that such words have a different meaning.

There is nothing, therefore, in the will to require the reversal of the interlocutory judgment based upon the findings of the trial court in favor of the plaintiff's contention.

It is quite clear from a reading of the will that the intention of the testator was to retain so far as possible the title to the homestead farm in such of his descendants as bore the name of Wilson.

We do not disagree with the suggestions of the trial court in regard to the male children of the living daughter of Ira Wilson, but as such daughter and her children are not parties to this action, it is unnecessary for us to further consider that question.

The interlocutory judgment should be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs.