(74 Misc. Rep. 542.)

METROPOLITAN TRUST CO. v. RANKIN et al.

(Supreme Court, Special Term, New York County. December, 1911.)

WILLS (§ 545*)—CONSTRUCTION—DEVISEES—"ISSUE."

Where testatrix bequeathed the income of a trust fund to her son for life, the remainder on his death to be transferred to his issue in the proportion they would have received had he died intestate, and if he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

died without issue the remainder to go to other persons named, the word "issue" means descendants, and not children only.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1171–1176; Dec. Dig. § 545.*

For other definitions, see Words and Phrases, vol. 4, pp. 3778–3782; vol. 8, p. 7693.]

Action by the Metropolitan Trust Company, trustee of Catherine L. Gould, against Catherine B. Rankin, executrix, and others, for an accounting. Judgment rendered.

Parsons, Closson & McIlvaine, for plaintiff.

Edward W. Rankin, for defendant executrix.

GUY, J. This is an action for an accounting. Decedent created a trust in the income of a trust fund for the benefit of her son during his lifetime. Upon his death she directed the remainder of the trust fund to be transferred to his issue in such proportion as they would have received had he died intestate seised and possessed thereof. In case the son died leaving no issue him surviving the remainder was bequeathed to certain persons, under one of whom defendant bank claims.

One grandchild of the son survives. If "issue" is a word of purchase, meaning descendants, the whole fund in dispute goes to the grandchild; if it is a word of limitation, meaning children only, the portion of the fund in dispute goes to the defendant bank as the assignee thereof. I think, under the terms of this will, the defendant meant to use the word "issue" in its general sense, meaning thereby descendants, and not merely as a word of limitation, restricting the beneficiaries thereof to children only. Soper v. Brown, 136 N. Y. 244, 248, 32 N. E. 768, 32 Am. St. Rep. 731; Drake v. Drake, 134 N. Y. 220, 224, 32 N. E. 114, 17 L. R. A. 664; New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 19, 55 N. E. 311, 76 Am. St. Rep. 238; Schmidt v. Jewett, 195 N. Y. 486, 490, 88 N. E. 1110, 133 Am. St. Rep. 815.

The account should be passed, and the will construed in accordance with this opinion. Findings (defendant People's Bank) passed upon. Judgment accordingly.