**62**    MATTER OF DURANT.

Surrogate's Court, New York County, October, 1919.   [Vol. 109.

## Matter of the Estate of CHARLES A. DURANT, Deceased.

(Surrogate's Court, New York County, October, 1919.)

Wills — construction of — intention of testator — trusts — residuary estates — when word issue means children and not descendants— Statute of Distribution.

   The rule of construction that the word " issue " means " descendants " must yield to an intent manifested in some part of the will to limit such meaning to " children."

   Where a will provides that a certain portion of the residuary estate should be held in trust and the income applied to the use of a named daughter of decedent during her life, " and upon the death of my said daughter, leaving lawful issue her surviving, then to pay over to such issue the principal of such share so devised in trust, to be equally divided between them," it will be held that testator's intention was to limit the distribution of the remainder of the trust fund to the children of his daughter, and to the issue of any of them who should be dead at the time of distribution, such issue to take its parent's share, and that the corpus of the trust fund should be divided equally among the children of his daughter.

PROCEEDING upon the accounting of a trustee.

Geller, Rolston & Horan, for trustee.

Harris & Towne, for Ray D. Bowers.

Arthur Sutherland, for Durant Bowers.

Henry DeForest Weekes, special guardian of infants Estelle Weeks and Alice D. Weeks.

Thomas B. Gilchrist, for Henry Dearborn as general guardian.

Laurence Millet, for Margaret D. B. Dearborn.

Misc.]   Surrogate's Court, New York County, October, 1919.

FOWLER, S.   The trustee under the ninth clause of the will of the deceased has filed its account, and objections thereto have been filed by one of the children of the life beneficiary.  The objections put in issue the construction of the ninth clause of the will adopted by the trustee, and the correctness of this construction is therefore presented to the court for determination. That clause provides that one-fifth of the residuary estate of the deceased shall be held in trust and the income applied to the use of Estelle Durant Bowers, a daughter of the deceased, during her natural life, " and upon the death of my said daughter, leaving lawful issue her surviving, then to pay over to such issue the principal of such share so devised in trust, to be equally divided between them."

Estelle Durant Bowers remarried and became known as Estelle Durant Weeks.  She died on December 24, 1918, and was survived by five children.  One of these children, Margaret D. B. Dearborn, had two children living at the date of death of the life beneficiary, and it is contended on their behalf that they are entitled to share in the remainder after the life estate of Estelle Durant Weeks equally with their mother and the other children of the life beneficiary.

This contention would unquestionably be correct if the testator in the ninth clause of his will intended by the words " lawful issue " to refer to the descendants generally of his daughter Estelle, and that such descendants should take *per capita*.  While it is the rule in this state that the word " issue " will be construed to mean descendants generally (*Schmidt* v. *Jewett,* 195 N. Y. 486), nevertheless this rule will yield to an intent manifested in some part of the will to limit the meaning of issue to children.  *Matter of Union Trust Co.,* 170 App. Div. 176; *Brown* v. *Tanz,* 176 id. **795.**  There are in the will of the testator many mani-

Surrogate's Court, New York County, October, 1919.   [Vol. 109.

festations of an intent to give his property to his children to the exclusion of his grandchildren.  Thus, in paragraph third, the will provides that any income derived from his estate in excess of $20,000 a year shall be divided among his children living at the end of such year.  In paragraph eighth he provides that if either of his sons die before the life tenant, leaving no lawful issue him surviving, his share shall go to his surviving brothers and sisters in equal shares — none going to their children.  In paragraph tenth he provides that in case his daughter should die leaving no issue her surviving, then the principal of the trust fund is to go to his sons, to be divided equally between them — no part going to their children.  In paragraph fifteenth he provides that upon the death of his son Thomas, the trust fund held for his benefit shall be paid " to my other children living at the death of said Thomas, equally, to be divided among them "— not among them and their children.  There is therefore throughout the will of the testator a manifest intent to limit the distribution of his estate to his children living at the time of such distribution, and to exclude his grandchildren when the parent or parents of such grandchildren are living.  There is also manifest an intention that such distribution shall be equal among his children or his grandchildren.  A construction of the ninth clause of the will which would hold that the testator intended by the words " lawful issue " a *per capita* distribution among descendants would result in three-sevenths of the trust fund being paid to one child and her issue, while each of the other children would receive only one-seventh.  There is nothing in the will to sustain the contention that such was the intention of the testator, and nothing to support such an inequitable distribution of the trust fund.

I will therefore hold that the testator intended to

limit the distribution of the remainder of the trust
fund referred to in the ninth clause of his will to chil-
dren of the life beneficiary and the issue of any of them
who should be dead at the time of distribution, such
issue to take its parent's share, and that the *corpus*
of the trust fund should be divided equally among the
children of Estelle Durant Weeks.

Decreed accordingly.