In the Matter of the Judicial Settlement of the Account of THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Ninth Clause of the Last Will and Testament of CHARLES W. DURANT, Deceased, of the Trust Therein Created for the Benefit of ESTELLE DURANT WEEKES and Remaindermen.

HENRY DEARBORN, as Guardian, etc., of GEORGE SAMUEL DEARBORN, SECOND, and HENRY DEARBORN, JR., Appellant; THE FARMERS' LOAN AND TRUST COMPANY and Others, Respondents.

First Department, July 2, 1920.

Wills — " issue " defined — when issue take per capita — when " issue " includes grandchildren.

Under a devise to " issue," where the word is used without any term in the context to qualify its meaning, and where a contrary intent is not found in other provisions of the will, the children of the ancestor and issue of such children, although their parents may be living, and the issue of deceased children take in equal parts *per capita.*

Will examined, and *held*, that the word " issue," as used in a clause providing that " upon the death of my said daughter leaving lawful issue her surviving, then to pay over to such issue the principal of such share so devised in trust to be equally divided between them," includes the grandchildren of the said daughter.

GREENBAUM, J., dissents, with opinion.

APPEAL by Henry Dearborn, as guardian, etc., from a decree of the Surrogate's Court of the county of New York, entered in the office of said court on the 19th day of December, 1919, in so far as it construes the 9th clause of the will of Charles W. Durant, deceased, adversely to their claim to participate thereunder.

*Thomas B. Gilchrist*, for the appellant.

*Henry A. Forster* of counsel [*Arthur Sutherland* with him on the brief], for Durant Bowers and for special guardian of Estelle Weekes and Alice Delano Weekes, respondents.

*Harris & Towne*, attorneys for the respondent Ray Durant Bowers.

*Laurence Millet*, for the respondent Margaret Durant Bowers Dearborn.

LAUGHLIN, J.:

The will, the construction of which is presented by the appeal, was executed on the 22d of June, 1883, and a codicil thereto was executed on the 16th of February, 1884. The testator died on the 5th of April, 1885. After providing for the payment of his debts and funeral expenses, the testator gave the residuary estate to his executors in trust; and by the 3d clause he directed them to pay from the net income thereof to his widow annually during her lifetime the sum of $20,000 and provided that any surplus of income amounting to $1,000 or more should be divided among *his children* living at the time the payment was required to be made to his widow. The testator's wife predeceased him. By the 4th and 5th clauses he conferred power upon his executors and gave directions with reference to selling, managing and investing the estate. By the 6th clause, after the death of

his wife, he gave legacies to a named grandson and granddaughter and to the *children* of three of his sons by their respective designated wives and to the *children* of his daughter Estelle by a designated husband and to the *lawful issue* then living of another son should such son marry and have issue. After the payment of those legacies, the testator by the 7th clause gave, devised and bequeathed one equal fifth part of the residue and remainder of his estate to each of three named sons and their heirs; and by the 8th clause he provided that if any of said sons should die leaving no lawful issue him surviving, the fifth share intended for such son should go in equal shares to his surviving brothers and sisters. By the 9th clause he gave, devised and bequeathed another fifth of the residue and remainder of his estate to his son Frederick C. Durant in trust to apply the income thereof to the use of the testator's daughter Estelle during her natural life, and with respect to the corpus of that share he provided as follows: " And upon the death of my said daughter leaving lawful issue her surviving, then to pay over to such issue the principal of such share so devised in trust to be equally divided between them." At the time the will was executed the testator's daughter Estelle was the wife of Henry C. Bowers. She afterwards became the wife of one Weekes. She died on the 24th of December, 1918, leaving her surviving five children and two grandchildren. The appellants are her grandchildren and the great-grandchildren of the testator, and their mother, one of the children of Estelle, is still living.

The point presented for construction is whether the word " issue " as used in the 9th clause of the will should be confined to the children of Estelle or whether it embraces her grandchildren. The learned surrogate held that the appellants were not included. (*Matter of Durant*, 109 Misc. Rep. 62.)

It is a well-settled general rule of construction of wills in this jurisdiction that under a devise to " issue," where the word is used without any terms in the context to qualify its meaning and where a contrary intent is not found in other provisions of the will, the children of the ancestor and issue of such children, although their parent may be living, and the issue of deceased children take in equal parts *per capita*. (*Soper* v. *Brown*, 136 N. Y. 244; *Schmidt* v. *Jewett*, 195 id.

486; *Petry* v. *Petry*, 186 App. Div. 738; affd., *sub nom.*
*Petry* v. *Langan*, 227 N. Y. 621.) · The opinion of the
learned surrogate shows that he recognized this rule but
he deemed that other provisions of the will indicated an
intent on the part of the testator that only the surviving
children of Estelle should take. In this we think the learned
surrogate erred. The will appears to have been drafted
very carefully. In many clauses the testator clearly limited
bequests and devises to *his children* to the exclusion of his
grandchildren and great-grandchildren, and in one instance
to the *children* of certain of his children, and it will be found
that he only used the word " issue " in three instances. The
first is in the 6th clause in which after giving legacies to his
two named grandchildren and to the *children* of two of his
sons by designated wives and to the *children* of one of his
daughters by a designated husband, he gave like legacies to
each of the lawful issue of another son living at the time
of the death of the widow of the testator. That son apparently
was unmarried at the time the will was made and it was
uncertain whether he would leave lawful issue. By that
clause the testator plainly discriminated between the children
of his children referred to therein by limiting the legacies as
to all of them, excepting the issue of one son, to certain of
their children being the issue of specified marriages. It cannot,
therefore, be said that he used the word " issue " in the 6th
clause as synonymous with children or that if he did it shows
an intent that he so used it in the other idependent clauses
of the will. By the 10th clause of the will he provided that
in the event that Estelle should die without leaving issue.
her surviving, the fifth of which she was the life beneficiary
should go in equal shares to the *sons* of the testator. By
the 12th clause he gave the other fifth of the residuary estate
to a trustee to pay over the income quarter annually to his
son Thomas F. Durant, and by the 15th clause upon the
death of his son Thomas F. he gave legacies from the *corpus*
so held in trust for Thomas F. to a son and daughter of
Thomas F. and the remainder in equal shares to the other
*children* of the testator then living. In the 16th clause he
provided with respect to the two legacies given under the
15th clause that should either of the legatees die before their

First Department, July, 1920.        [Vol. 193.

father, leaving surviving *issue*, then the legacy should go to such issue in equal shares and that if either of them died without issue then the share should go to the other; and by the 17th clause he provided that if both of said legatees predeceased their father, evidently meaning without issue, then the whole of the share held in trust for Thomas F. should go in equal shares to the other *children* of the testator then living. No other provision of the will has any material bearing on the point presented for decision. By the codicil he reduced the two legacies given by the 15th clause but made no other change material to the point presented for decision. I am unable to find in the 9th or any other clause of the will any evidence that the testator used the word " issue " as synonymous with children. These appellants, the grandchildren of Estelle, are, I think, her issue within the fair intent and meaning of the 9th clause of the will. It is perfectly evident that if Estelle left only grandchildren, they would all be her issue and would take the *corpus* of the fifth held in trust for her, to the exclusion of the sons of the testator who could only take under the 10th clause in the event that she died without issue her surviving. I am of opinion that the general rule of construction should obtain.

It follows that the decree should be modified, with costs to all parties separately appearing, by providing that the appellants should share equally in said residuary estate with the five children of their grandmother, and as so modified affirmed.

Clarke, P. J., Smith and Merrell, JJ., concur; Greenbaum, J., dissents.

Greenbaum, J. (dissenting):

The 6th paragraph of the will is a strong indication of the intention of the testator as to the meaning of the words " lawful issue." He there makes bequests, after the death of his wife, to his grandchildren, certain of whom he specifically names and others of whom he refers to as the children of his son Charles W. Durant, Jr., by his wife Catherine M.; of his son Frederick C. Durant, by his wife Clara E., and " children then living of my daughter Estelle by her husband Henry C. Bowers, and to the lawful issue then living of my son Howard M. Durant (should he marry and have such issue)."

The reference to the " lawful issue " of the unmarried son Howard M. Durant seems to me to be convincing evidence that he thereby meant the *lawful children* of Howard M. Durant, and that the word " issue " in that paragraph is synonymous with the word " children."

Paragraphs 15 and 16 of the will read as follows:

"*Fifteenth.* Upon the death of my said son Thomas F. Durant, I give, devise and bequeath the share held in trust for him as aforesaid as follows: I give and bequeath to Adele, daughter of my said son Thomas F. Durant, by his wife Adelaide, the sum of Sixty thousand dollars, and to Victor, son of my said son Thomas F. Durant by his wife Adelaide, the sum of Forty thousand dollars, and the remainder of said share I give, devise and bequeath to my other children living at the death of said Thomas F. Durant equally to be divided among them.

" *Sixteenth.* Should either of said children die before their father leaving issue him or her surviving, then I give and bequeath the share of the child so dying to such issue equally to be divided among them.

" Should either of said children die before their father leaving no issue him or her surviving, then I give and bequeath the share of the child so dying to the survivor   *   *   * of said two children Adele and Victor."

In the 15th paragraph the testator mentions the names of his grandchildren to whom he makes specific gifts and gives the remainder of the trust fund " to my other children living at the death of said Thomas F. Durant equally to be divided among them," thus indicating a strong desire to benefit his children and to treat them as nearly alike as possible.

In the 16th paragraph the word " children " and the word " issue " are clearly used synonymously. Of course, the testator could have used the word " children " in the 9th paragraph of the will now under construction where he used the word " issue," but such language would be very awkward. The writer of the clause evidently did what many persons would have done under the circumstances and avoided the continuous repetition of the word " children."

It seems to me from a consideration of the opinion of the learned surrogate and from the illustrations to which I have

referred that the intention of the testator was to devise the property mentioned in the 9th paragraph *per stirpes* and not *per capita.*

Decree modified as stated in opinion, with costs to all parties separately appearing, and as so modified affirmed. Settle order on notice.