Laughlin, J.:
The will, the construction of which is presented by the appeal, was executed on the 22d of June, 1883, and a codicil thereto was executed on the 16th of February, 1884. The testator died on the 5th of April, 1885. After providing for the payment of his debts and funeral expenses, the testator gave the residuary estate to his executors in trust; and by the 3d clause he directed them to pay from the net income thereof to his widow annually during her lifetime the sum of $20,000 and provided that any surplus of income amounting to $1,000 or more should be divided among his children living at the time the payment was required to be made to his widow. The testator’s wife predeceased him. By the 4th and 5th clauses he conferred power upon his executors and gave directions with reference to selling, managing and investing the estate. By the 6th clause, after the death of *82 his wife, he gave legacies to a named grandson and granddaughter and to the children of three of his sons by their respective designated wives and to the children of his daughter Estelle by a designated husband and to the lawful issue then living of another son should such son marry and have issue. After the payment of those legacies, the testator by the 7th clause gave, devised and bequeathed one equal fifth part of the residue and remainder of his estate to each of three named sons and their heirs; and by the 8th clause he provided that if any of said sons should die leaving no lawful issue him surviving, the fifth share intended for such son should go in equal shares to his surviving brothers and sisters. By the 9th clause he gave, devised and bequeathed another fifth of the residue and remainder of his estate to his son Frederick C. Durant in trust to apply the income thereof to the use of the testator’s daughter Estelle during her natural life, and with respect to the corpus of that share he provided as follows: “ And upon the death of my said daughter leaving lawful issue her surviving, then to pay over to such issue the principal of such share so devised in trust to be equally divided between them.” At the timp the will was executed the testator’s daughter Estelle was the wife of Henry C. Bowers. She afterwards became the wife of one Weekes. She died on the 24th of December, 1918, leaving her surviving five children and two grandchildren. The appellants are her grandchildren and the great-grandchildren of the testator, and their mother, one of the children of Estelle, is still living.
The point presented for construction is whether the word “ issue ” as used in the 9th clause of the will should be confined to the children of Estelle or whether it embraces her grandchildren. The learned surrogate held that the appellants were not included. (Matter of Durant, 109 Misc. Rep. 62.)
It is a well-settled general rule of construction of wills in this jurisdiction that under a devise to “ issue,” where the word is used without any terms in the context to qualify its meaning and where a contrary intent is not found in other provisions of the will, the children of the ancestor and issue of such children, although their parent may be living, and the issue of deceased children take in equal parts per capita. (Soper v. Brown, 136 N. Y. 244; Schmidt v. Jewett, 195 id. *83 486; Petry v. Petry, 186 App. Div. 738; affd., sub nom. Petry v. Langan, 227 N. Y. 621.) • The opinion of the learned surrogate shows that he recognized this rule but he deemed that other provisions of the will indicated an intent on the part of the testator that only the surviving children of Estelle should take. In this we think the learned surrogate erred. The will appears to have been drafted very carefully. In many clauses the testator clearly limited bequests and devises to his children to the exclusion of his grandchildren and great-grandchildren, and in one instance to the children of certain of his children, and it will be found that he only used the word “ issue ” in three instances. The first is in the 6th clause in which after giving legacies to his two named grandchildren and to the children of two of his sons by designated wives and to the children of one of his daughters by a designated husband, he gave like legacies to each of the lawful issue of another son living at the time of the death of the widow of the testator. That son apparently was unmarried at the time the will was made and it was uncertain whether he would leave lawful issue. By that clause the testator plainly discriminated between the children of his children referred to therein by limiting the legacies as to all of them, excepting the issue of one son, to certain of their children being the issue of specified marriages. It cannot, therefore, be said that he used the word “ issue ” in the 6th clause as synonymous with children or that if he did it shows an intent that he so used it in the other idependent clauses of the will. By the 10th clause of the will he provided that in the event that Estelle should die without leaving issue, her surviving, the fifth of which she was the life beneficiary should go in equal shares to the sons of the testator. By the 12th clause he gave the other fifth of the residuary estate to a trustee to pay over the income quarter annually to his son Thomas F. Durant, and by the 15th clause upon the death of his son Thomas F. he gave legacies from the corpus so held in trust for Thomas F. to a son and daughter of Thomas F. and the remainder in equal shares to the other children of the testator then living. In the 16th clause he provided with respect to the two legacies given under the 15th clause that should either of the legatees die before their *84 father, leaving surviving issue, then the legacy should go to such issue in equal shares and that if either of them died without issue then the -share should go to the other; and by the 17th clause he provided that if both of said legatees predeceased their father, evidently meaning without issue, then the whole of the share held in trust for Thomas F. should go in equal shares to the other children of the testator then living. No other provision of the will has any material' bearing on the point presented for decision. By.the codicil he reduced the two legacies given by the 15th clause but made no other change material to the point presented for decision. I am unable to find in the 9th or any other clause of the will any evidence that the testator used the word “ issue ” as synonymous with children. These appellants, the grandchildren of Estelle, are, I think, her issue within the fair intent and meaning of the 9th clause of the will. It is perfectly evident that if Estelle left only grandchildren, they would all be her issue and would take the corpus of the fifth held in trust for her, to the exclusion of the sons of the testator who could only take und-er the 10th clause in the event that she died without issue her surviving. I am of opinion that the general rule of construction should obtain.
It follows that the decree should be modified, with costs to all parties separately appearing, by providing that the appellants should share equally in said residuary estate with the five children of their grandmother, and as so modified affirmed.
Clarke, P. J., Smith and Merrell, JJ., concur; Greenbaum, J., dissents.