In the Matter of the Estate of JOSEPHINE R. BURKE, Deceased.

Surrogate's Court, Erie County, July 1, 1942.

*Burke & Burke*, for Francis U. Burke and Thomas C. Burke, as trustees for Edwin Paul Burke.

*Kevin Killeen*, special guardian for James B. McOwen, infant.

VANDERMEULEN, S. The testatrix, Josephine R. Burke, died on April 5, 1916. Her husband, Francis L. Burke, life beneficiary of the trust created in article " Third " of the will, died on March 24, 1926, at which time the testatrix's four sons, Francis U. Burke, Thomas C. Burke, Edwin Paul Burke and Fletcher H. Burke, were living.

After the death of the life beneficiary the will provided for a gift of one-fourth share absolutely to each of her two sons, Francis U. Burke and Thomas C. Burke.

She gave, devised and bequeathed one-fourth of her estate by subdivision " C," article " Third " of her will, which provides as follows: " I give, devise and bequeath one fourth part of my estate, both real and personal and of every name, nature and description to my executors hereinafter named, in trust nevertheless, to invest the same in such first class securities as they shall approve and to reinvest the same or any part thereof as often as may be necessary or proper, and to receive the rents, issues and profits thereof, and to apply the same and so much of the principal as they may deem necessary to the use and enjoyment of my son Edwin Paul Burke so long as he shall live and upon the decease of my said son, I direct my said executors to pay the principal sum then remaining to the issue of my said son, if there be such then living; but if there be no such issue, then I give and bequeath the said principal sum to my sons Francis U. Burke, Thomas C. Burke and Fletcher H. Burke."

Subdivision " D " gave one-fourth to her son Fletcher H. Burke, which subdivision is worded the same as subdivision " C " except for the name of Fletcher H. Burke instead of Edwin Paul Burke.

Edwin Paul Burke, beneficiary of the trust created by subdivision " C " of article " Third " of the will, died on January 5, 1940, and the trust thereupon ceased. He left him surviving his daughter, Ellen Burke McOwen, who has one child, James B. McOwen, now eleven years of age. The market value of the securities in the trust fund is approximately $3,750, plus accumulated income of $388.45. The question presented is whether distribution is to be made to the issue of Edwin Paul Burke, *per stirpes* or *per capita*, or, concretely, whether the daughter, Ellen Burke McOwen, is to take the whole trust fund, or whether she and her son, James B. McOwen, are to take it in equal shares.

In *Soper* v. *Brown* (136 N. Y. 244) Judge ANDREWS, writing for a unanimous court, said: " It is settled that under a gift to ' issue ' where the word is used without any terms in the context to qualify its meaning, the children of the ancestor and issue of such children, although the parent is living, as well as the issue of deceased children, take in equal shares *per capita* and not *per stirpes,* as primary objects of the disposition."

In *Petry* v. *Petry* (186 App. Div. 738) the learned court, in its opinion, although affirming the decision of the lower court, which had given a construction favoring a *per capita* distribution, frankly stated that such a construction did violence to the intention of the testator.

Lord LOUGHBOROUGH, in *Freeman* v. *Parsley* (3 Ves. Jr. 421; 30 Eng. Reprint, 1085), said: " In the common use of language as

well as the application of the word ' issue ' in wills and settlements it means all indefinitely. I very strongly suspect, that in applying that to this will I am not acting according to intention; but I do not know what enables me to controul it. If a medium could be found between a total exclusion of the grandchildren, and the admission of them to share with the parents, the nearest objects of the testator, that would be nearer the intention."

In *Matter of Hickey* ([L. J. 1917] 86 Ch. Div. 385, 388) the court said: " It has been said, and I think truly, that the word ' descendants ' is less easy to control than the meaning of the word ' issue.' Laymen (in this respect more accurate, I think, in their use of language than lawyers) mean by the word ' issue ' children; but lawyers give it a technical and wider meaning, and include in it descendants of all degrees. It is not difficult to suppose that in using the word ' issue ' a testator may have intended the natural and not the technical meaning of the word."

In *Soper* v. *Brown* (*supra*), after enunciating the rule above quoted, Judge ANDREWS said: " It might well be doubted whether a testator actually contemplated that the children of a living parent would take an equal interest with the parent under the word ' issue,' or that the issue of a deceased child should not take by representation the share of its parent."

The court, in *Petry* v. *Petry* (*supra*), further stated (p. 36) that the Court of Appeals had shown an inclination to abandon the rule so clearly laid down in *Soper* v. *Brown* and hoped that it would do so.

Thus we have a situation where the courts have felt compelled by authoritative precedent to decide contrary to what they believe is the intention of the average testator.

Subsequent to these decisions there have been several important ones dealing with this subject.

In *Matter of Durant* (231 N. Y. 41) Judge McLAUGHLIN, writing the opinion of the court, said: " It is undoubtedly the general rule, as stated in *Matter of Farmers Loan & Trust Co.* [213 N. Y. 168], that unless some other meaning is given to it by the context, the word ' issue ' is not confined to children, but includes descendants in any degree, and that there is a presumption favoring a *per capita* distribution. (*Schmidt* v. *Jewett*, 195 N. Y. 486; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125.) This presumption, however, yields to ' a very faint glimpse of a different intention.' (*Ferrer* v. *Pyne*, 81 N. Y. 281; *Vincent* v. *Newhouse*, 83 N. Y. 505.) "

Judge CARDOZO, in a concurring opinion, said (p. 49):

" I have said that distribution *per stirpes* makes the terminology of the will consistent. The need of preserving uniformity becomes

apparent when we leave the subdivisions dealing with the daughter's share and go back to the subdivisions dealing with the gifts to others. On the death of the testator's wife, three sons, Charles, Frederick and Howard, are to receive their shares outright. The possibility existed that they might die in the lifetime of the testator before the gift became effective. In that event, the statute, prohibiting a lapse, would put their issue in their place, and divide the gift *per stirpes* (Decedent Estate Law, secs. 29, 83, 98; Consol. Laws ch. 13). We are not left to mere presumption in imputing to the testator knowledge that issue would be substituted. He makes his knowledge plain by adding a provision disposing of the shares in the event that no issue are in being. ' Should either of my said sons last mentioned die leaving no lawful issue him surviving, then I give, devise and bequeath the said one-fifth share of the son so dying to and among his brothers and sisters him surviving in equal shares.' In the same spirit of caution, he makes provision, after creating the trust for the benefit of his daughter with remainder to her issue, that in case of her death without issue there shall be division among her brothers. The vocabulary of the testator must, therefore, have been as inconstant as his plan was incoherent if he meant that there should be adherence, in the administration of this trust, to the rule of *per capita* division. He was willing, in that view, to have issue take *per stirpes* if they were substituted for the sons, and *per capita* if, in like circumstances, they were substituted for the daughter. I know that what we speak of as the intention of the testator is often, in reality, the intention of the draftsman of the will, if, indeed, the situation, afterwards arising, was within the range of thought at all. I think we can hardly err, however, in imputing the desire alike to draftsman and to signer that the same words should preserve the same meaning through the successive paragraphs of the instrument which one drafted and the other signed (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168, 175). Consistency will, indeed, be sacrificed where intention, as revealed in context or surroundings, will thereby be promoted. The sacrifice will not be made to uphold a rule of distribution which yields to a ' faint glimpse ' of a contrary desire (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Matter of Farmers' Loan & Trust Co.*, *supra; Petry* v. *Petry*, 186 App. Div. 738; 227 N. Y. 621).

" In emphasizing inconsistencies of phrase, I have exposed incongruities of purpose. The variable word is seen as the reflection of the variable mind. Yet the mind that conceived this will worked simply and directly. A dominant purpose, easily understood, has been consistently maintained. The purpose was to restrict

the daughter to a life estate, to restrict also in divers ways the share assigned to Thomas, and subject to those exceptions to treat the descendants all alike. There is no trace of a desire that ' issue ' should be substituted in accordance with one formula of division when succeeding to one share, and in accordance with a different formula when succeeding to another. Applied to such a will, the *per capita* rule leads to incoherence and disorder. Division *per stirpes* gives unity and system."

In the case of *Central Hanover Bank & Trust Company* v. *Pell* (268 N. Y. 354), which involved the question of a distribution either *per stirpes* or *per capita*, where the word " issue " had been used in a deed of trust, the court said (p. 358):

" The correctness of the decision depends solely upon the proper construction and interpretation of the deed of trust.

" The principles applicable are clear and have been many times reiterated. The word ' issue ' in its strictly legal sense, for reasons largely historical, generally is construed to include all descendants, in all degrees. (*Petry* v. *Petry*, 186 App. Div. 738; affd., 227 N. Y. 621.) When the word ' issue,' therefore, is found in a formal legal document, with nothing in the text to modify it, it is entitled to its strict legal meaning. To this course, the courts have felt constrained by authority. When, however, there is a slight indication of another meaning being intended, the courts readily deviate from this presumption of *per capita* distribution. In other words, a gift to issue will be distributed *per stirpes* whenever there is slight evidence that the author so desires, because that mode of distribution is often more equitable and works less hardship and inequalities.

" In *Matter of Farmers' Loan & Trust Co.* (213 N. Y. 168, 173) the court said: ' The presumption in this State favors a *per capita* distribution (*Schmidt* v. *Jewett* [195 N. Y. 486]; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125), but the presumption yields to ' a very faint glimpse of a different intention.' (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Vincent* v. *Newhouse*, 83 N. Y. 505, 513; *Bisson* v. *West Shore R. R. Co.*, *supra*.) "

The courts travel a long distance to uphold the intention of a testator and try hard in complex situations to sift all the facts and surrounding circumstances, so as to ascertain the true intent. Conclusions of the courts ofttimes are founded on the natural thing a man would do, based on the family relationship, and knowledge of human nature gleaned from everyday experiences in life. This accounts for the reluctance of the courts to follow the rule laid down in *Soper* v. *Brown* (*supra*). These tribunals have felt it did not follow the natural inclination of the testator in his

relation toward his family. So, in an effort to evade the rule whenever possible, the courts have held that the presumption favoring a *per capita* distribution yields to a very faint glimpse of a different intention.

The instant case is somewhat analogous to *Matter of Durant* (*supra*), and, while not as strong as that case or *Central Hanover Bank & Trust Company* v. *Pell* (*supra*), nevertheless there is that faint glimpse necessary to overcome the presumption of a *per capita* distribution.

I, therefore, hold that the principal of the trust fund herein be distributed to Ellen Burke McOwen, daughter of Edwin Paul Burke.

Let the decree of judicial settlement provide accordingly.