S. Samuel Di Falco, S.
In this proceeding to settle their final account, the trustees have petitioned for construction of article Eighth, subdivision (b) of the decedent’s will which reads as follows:
“ (b) One of said shares, being the only one not disposed of, I give, bequeath and devise to The Irving Trust Company, of New York City, in trust nevertheless upon the trusts following, that is to say:
‘ ‘ To hold, manage, invest and re-invest and keep invested said share as it may in its discretion deem best, with full authority to sell and mortgage any real estate and to collect the rents therefrom accruing and to continue and to change any and all securities and investments and to receive and collect the income and profits therefrom accruing and to pay over the net income thereof to my said daughter Flora Wasserman Matthews during the term of her natural lifetime. Upon the death of my *568 said daughter Flora, or at my death in case she predecease me, I direct said trustee to divide the principal of said trust fund into as many equal parts as there are then children of my said daughter Flora, her and me surviving; and (1) to allot to and hold for each such child who was in being at my decease, one of said parts, and to invest, keep invested and re-invest the same, and to collect the income and profits therefrom accruing and to apply the net income of said part to the support, education and maintenance of the child for whom said part shall be held; and I direct said trustee to pay over, transfer, deliver and convey its part to such child as is of, or may attain the age of twenty-one (21) years, upon the happening of which event, the trust for such child shall cease; and (2) to allot to each such child of my daughter Flora who was not in being at my decease, one of said parts and to pay over, transfer, deliver and convey its part to such child as is of the age of twenty-one (21) years; and to pay over, transfer, deliver and convey its part to the general guardian, when appointed, of any such child who has not reached the age of twenty-one (21) years, and until such general guardian shall be appointed and shall have qualified, to apply the net income of said part to the support, education and maintenance of the child to whom said part shall have been allotted.
‘ ‘ In case of the death of any child of my said daughter Flora for whom a trust is hereby created before he or she reaches the age of twenty-one (21) years, leaving him or her issue surviving, I give, bequeath and devise the part held in trust for the child so dying to the issue of the deceased child; and if there be no such issue, I give, bequeath and devise the same to the then surviving children of my said daughter and to the issue of any child of my said daughter who has died leaving issue then surviving, such issue to take per stirpes and not per capita; and if there are no such surviving children and no such issue, I give, bequeath and devise the same to my then surviving children and to the issue of such of my children who have died leaving issue then surviving, such issue to take per stirpes and not per capita.”
The construction becomes necessary because of the following-facts :
The testator executed his will on February 23, 1921 and died on June 29, 1922. At the time of the execution of the will, his daughter Flora was 36 years of age and had two sons, Norman Matthews aged 6 and Emil Matthews aged 9. No other children were born to her thereafter. Emil Matthews died on April 19, 1952, leaving two infant sons. His mother Flora, the life *569 beneficiary of the trust, died on August 23, 1957, being survived by her son Norman. The question to be decided, therefore, is whether her surviving son Norman should receive the entire principal of the trust or whether the principal of the trust should be divided for distribution, one half to Norman and one half to the infant children of Emil.
It is significant to note that in the last paragraph of the clause to be construed, the testator provides ‘ ‘ In case of the death of any child of my said daughter Flora for whom a trust is hereby created before he or she reaches the age of twenty-one (21) years, leaving him or her issue surviving, I give, bequeath and devise the part held in trust for the child so dying to the issue of the deceased child ”.
In seeking to construe any will, it is the duty of the court to ascertain, if possible, the intent of the testator and when and if ascertained, to carry out that intent. The rule is well settled and recent cases in the Court of Appeals have affirmed and strengthened its application. (Matter of Fabbri, 2 N Y 2d 236; Spencer v. Childs, 1 N Y 2d 103.) In the Matter of Fabbri (supra) the court reviewed the principles to be applied in all construction proceedings and stated “ The prime consideration here as in all construction proceedings is the intention of the testator as expressed in the will. All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy. ’ ’ (Pp. 239-240.)
In examining the will in the case at bar, the court, with these principles in mind, finds an incongruity which is plainly apparent. The testator has provided that if any of his six other children to whom he made outright gifts should predecease him, their issue were to take the share which their parent would have received if living. With respect to his daughter Flora for whom he created a trust for life, he was careful to provide not only for her children then in being but for children who might be born to his daughter after his (testator’s) death. In addition, the testator provided for issue of Flora’s children, for whom a trust was created should such children of Flora die before reaching the age of 21.
Could it have been the intent of the testator to provide for the issue of Flora’s children if they die before reaching the age of 21 and not to provide for such issue if Flora’s children reached a more mature age, a time when such children would be more likely to have issue? This court cannot conceive that this was the intent of the testator. A reading of the entire will shows the intention of the testator to provide for an orderly *570 devolution and distribution of bis estate to Ms children and to the issue of his children. In the case of Soper v. Brown (136 N. Y. 244, 251-252) the court stated “ Even if the construction given may be doubtful, it is a settled rule that wheré a will is capable of two constructions, one of which would exclude the issue of a deceased child, and the other permit such issue to participate in a remainder limited upon a life estate given to the ancestor, the latter should be adopted.”
In the case of Matter of Brown (93 N. Y. 295) the court had under consideration facts and language similar to that in the case at bar. The testator there gave to each of Ms six daughters a life estate in a one-tenth part of his estate. The language used was as follows (p. 299): “ ‘ And upon the death of any or either of my said daughters, I give, devise and bequeath unto such child or children as my said daughter shall have or leave living at her decease, and to the heirs and assigns of such child or children’ ”. One of the sons of a daughter of the testator died before his mother and the question presented then as now was whether the issue of said son was cut off from participation in the remainder limited upon her life estate. The court found that the intent of the testator was that the issue of said son should share in the remainder estate, even though he had predeceased his mother. In reaching this conclusion, the court stated (p. 299): “ If, however, this language is capable of any construction which would permit the issue of the deceased son to participate in the remainder limited upon his mother’s life estate, that construction should, on well-settled principles, be adopted in preference to one which should exclude them. (Scott v. Guernsey, 48 N. Y. 106; Low v. Harmony, 72 id. 408.) ”
In Scott v. Guernsey (supra) the court stated “ The law favors a construction which will not tend to the disinheriting of heirs, unless the intention to do so is clearly expressed.” (P. 121.) In Low v. Harmony (supra) the court stated “ An intention to disinherit an heir, even a lineal descendant, when expressed in plain and unambiguous language, must be car-lied out; but it will not be imputed to a testator by implication, nor when he uses language capable of a construction which 'will not so operate.” (P. 414.)
This court, therefore, finds that it was the intent of the testator to have the children of his daughter Flora and the issue of such children share per stirpes in the remainder of the trust created for the life of his said daughter.
Proceed accordingly.