Henry Epstein, J.
This is a petition to judicially settle the account of trustees for a period from March 14,1902 to November 1,1939 and the final account from December 5,1938 to April 7,1960; for the discharge of petitioners and executors of Edward Necarsulmer, deceased trustee, from all liability and for a judicial construction to determine the persons entitled to share in the distribution of the principal of the trust for Edward Necarsulmer.
The trust indenture was made on March 14, 1902 between Nathan, as settlor, and Ella and Henry, his wife and son, respectively, as trustees. The trustees were directed to make certain transfers of tangibles to his wife and stated sums to his two sons and daughter. The residue was to be divided into two parts — one to be held under the provision of paragraph 5(A) and the other under the provisions of paragraph 5(B). The trusts created under paragraph 5(B) were fully administered and terminated and distribution was made as directed by *315 the trust instrument. We are here concerned with distribution under paragraph 5(A).
The trusts under 5(A) required the trustees to invest one half of the residuary estate and to pay the net income to his wife Ella during her life and upon her death to divide the trust into three equal parts. Each of the settlor’s two sons and daughter was to be the beneficiary of the income for life from one of the three equal parts and upon their deaths distribution of the principal was to be made to the lawful issue. In the event that any of the three children died without leaving lawful issue, the share of principal set aside for any of the three persons so dying was to be paid in equal shares to the survivor or survivors of the three persons, the issue of a deceased child to receive the share which the parent would have received if living.
Helena, the daughter of the settlor, and Henry, one of settlor’s sons, have died and their trusts have terminated and been distributed.
Edward, the last surviving child, died December 7, 1959 and the share of principal set aside under this trust is now payable to his lawful issue. Edward left him surviving a son, Henry having three infant children, another son Edward, Jr., having two infant children and two children of a deceased son.
The first question to be determined is whether the principal of the trust fund is distributable to the issue of Edward per stirpes or per capita. If the distribution is per stirpes each of the settlor’s son’s will receive 1/3 of the principal and each of the surviving grandchildren of the deceased son of Edward will receive 1/6. If the distribution is per capita each of the surviving sons and grandchildren will receive 1/9.
The general rule in New York has been that a direction to distribute among “issue” or “lawful issue” raises a presumption in favor of a per capita distribution (Soper v. Brown, 136 N. Y. 244; Schmidt v. Jewett, 195 N. Y. 486, 491). The common-law rule of distribution per capita, however, gives way to distribution per stirpes when a “ faint glimpse ” of a contrary intent is found (Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; Matter of Good, 304 N. Y. 110).
The general plan of distribution in the instant trust provides the necessary “faint glimpse ” to remove this case from the common-law rule of distribution per capita. The directions by the settlor that the issue of a deceased child was to receive the share which the parent would have received if living and the over-all equality of distribution makes it reasonable to assume that the intent of the settlor was to provide for a per stirpes distribution and not per capita. It is therefore directed that *316 the petitioner distribute the principal of the trust for the benefit of Edward Necarsulmer per stirpes and not per capita.
One final question remains. In 1940 all parties then in being under the trust by an agreement in writing waived their rights to a judicial settlement of account for the period from the inception of the trust until November 1, 1939. The petitioners seek to judicially settle the account at this time and the guardians ad litem for the infant beneficiaries object on the ground that the informal accounting is not binding on after-born remaindermen.
The validity of an informal account and release has been recognized as binding in the absence of fraud or bad faith (Matter of Schoenewerg, 277 N. Y. 424; Central Hanover Bank & Trust Co. v. Brown, 30 N. Y. S. 2d 85). After-born beneficiaries are bound by such agreements in the same manner as parties in being at the time of settlement (Matter of Balfe, 49 N. Y. S. 2d 882, affd. 269 App. Div. 904, affd. 295 N. Y. 975). Since the court concludes that the settlement of the account in 1940 is binding and conclusive it is not necessary to judicially settle same now nor is it necessary to review the administration of the trust during the period covered by the release. Petitioner has agreed to submit a revised schedule computing its principal commissions for the period prior to Edward Necarsulmer’s death at one half the statutory rates.